**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JOANNE R.,

                Plaintiff,

   v.                                         5:20-CV-1244
                                                        (DJS)

KILOLO KIJAKAZI, *Acting Commissioner of*
*Social Security*,[1]

                Defendant.
_____

**APPEARANCES:**                         **OF COUNSEL:**

LAW OFFICES OF STEVEN R. DOLSON     STEVEN R. DOLSON, ESQ.
Attorney for Plaintiff
126 North Salina Street
Suite 3B
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.            NICOLE SONIA, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

_____

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d).  The Clerk is directed to modify the docket accordingly.

# **MEMORANDUM-DECISION AND ORDER**[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 17. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted, and Defendant's Motion is denied. The Commissioner's decision is reversed, and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff applied for disability insurance and supplemental security insurance benefits in April 2018. Dkt. No. 10, Admin. Tr. ("Tr."), pp. 155-164. Plaintiff alleges disability based upon major depressive disorder, generalized anxiety disorder, intellectual disability, and the inability to read. Tr. at p. 57. She alleged a disability onset date of April 4, 2018. Tr. at p. 56. Plaintiff's application was initially denied on July 2, 2018, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 78-84 & 90-91. Plaintiff appeared at a hearing before ALJ Stanley K. Chin on October 1, 2019 at which she and a vocational expert ("VE")

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

testified. Tr. at pp. 31-53. On November 4, 2019, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 10-22. On August 13, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022 and that she had not engaged in substantial gainful activity since April 4, 2018, the alleged onset date. Tr. at p. 12. Second, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, and intellectual disability. Tr. at pp. 12-13. The ALJ also found Plaintiff to have the non-severe impairment of obesity. Tr. at p. 13. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 13-14. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels" without certain specific nonexertional limitations. Tr. at p. 14. Fifth, the ALJ found that Plaintiff could not perform her past relevant work. Tr. at p. 20. Sixth, the ALJ concluded that Plaintiff had "limited education." *Id.* Finally, the ALJ went on to find that there was also other work existing in significant numbers in

the national economy that Plaintiff could perform. Tr. at pp. 20-21. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 21.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

> whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff raises a single issue for consideration in this case - whether the ALJ committed reversible error by failing to consider the impact of Plaintiff's alleged illiteracy on her ability to work. Dkt. No. 11, Pl.'s Mem. of Law, pp. 5-12. Defendant contends that substantial evidence supports the ALJ's step five finding that Plaintiff could work given her educational background. Dkt. No. 17, Def.'s Mem. of Law at pp. 5-15. This case turns on the record regarding Plaintiff's education and literacy and the ALJ's finding that Plaintiff had a "limited education" as that phrase is used in Defendant's regulations.

5

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. at 153. The Court will not reweigh the evidence that was before the ALJ. *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'") (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

However, while courts must generally defer to the ALJ's decision, "[t]he ALJ is required to provide rationale in the written decision sufficient to allow this Court to conduct an adequate review of his findings." *Shanaye S.M. v. Comm'r of Soc. Sec.*, 2019 WL 1988672, at *4 (N.D.N.Y. May 6, 2019) (citing cases); *see also Aregano v. Astrue*, 882 F. Supp. 2d 306, 320 (N.D.N.Y. 2012) ("A hearing officer must set forth

the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision"). "The ALJ must 'build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review.'" *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

"Under Social Security regulations, one's literacy is a factor to determine whether the claimant could perform work." *Aquarius W. v. Comm'r of Soc. Sec.*, 2021 WL 3684599, at *4 (W.D.N.Y. Aug. 19, 2021). The significance of this factor on a disability determination varies based on the specific facts of the case. *See*, *e.g.*, *Colon v. Astrue*, 2010 WL 2925969, at *2 (W.D.N.Y. Jul. 23, 2010) ("Depending on the claimant's age, other impairments, and past work experience, illiteracy may render a claimant disabled."). Social Security regulations recognize four educational categories: illiteracy, marginal education, limited education, and high school education and above. 28 C.F.R. § 404.1564(b). Those regulations also recognize that "the numerical grade level that you completed in school may not represent your actual educational abilities." *Id.* Here, the ALJ found Plaintiff had a limited education. Tr. at p. 20.

There was unquestionably evidence that supported the conclusion that Plaintiff had a limited education. She completed eighth grade. Tr. at p. 6. She also obtained a driver's license, was licensed as a certified nursing assistant, and worked in that field for many years. Tr. at pp. 7, 15, & 17.

The record, however, also contains significant evidence in support of Plaintiff's position that she is functionally illiterate. Dr. Thomas Lazzaro conducted a psychological evaluation and noted that Plaintiff had an "[e]xtremely low range of intellectual functioning." Tr. at p. 243. Her further noted that "her working vocabulary, her verbal and on-verbal abstracting and reasoning skills, and her perceptual organization are all quite deficient." *Id.* His summary noted that Plaintiff had "probably passed the window during which she could learn to read, spell or write well enough to be able to chart at her employment." Tr. at p. 244.

Nurse Practitioner Shannon Cavedine offered several evaluations and opinions with respect to Plaintiff's mental status and intellectual functioning which specifically addressed Plaintiff's literacy level. Nurse Practitioner Cavedine indicated that Plaintiff reads at a second-grade level, was demoted from her job because of her inability to read and properly document events at work, and that she "cannot read schedules or instructions, cannot write herself notes, and cannot remember detailed instructions." Tr. at p. 259. She also stated that Plaintiff's "ability to read, write and comprehend simple directions" was "severely limited." Tr. at p. 320. Finally, Cavedine noted that Plaintiff's "intellectual disability and illiteracy make it impossible for her to read, write, document or use a computer." Tr. at p. 342.

The ALJ found Dr. Lazzaro's opinion to have little persuasive value in part because it predated the alleged onset date and the record contained newer, inconsistent information. Tr. at p. 19. While an ALJ may properly discount a pre-onset opinion,

here the date of the opinion is less significant because Dr. Lazzaro opined that by that date Plaintiff had already passed the point where she would be able to learn to sufficiently read and write to function in an employment setting.  Tr. at p. 244.  The ALJ refers to no new evidence that suggests Plaintiff was in a better position to obtain those skills after her alleged onset date.

Although the ALJ found Nurse Practitioner Cavedine's opinions "somewhat persuasive," Tr. at p. 19, his decision did not specifically address her particular findings regarding Plaintiff's abilities with respect to reading and writing, stating only that Plaintiff's intellectual deficits were overcome by "good compensatory strengths." *Id.* There is no discussion of how given the largely undisputed evidence in the record regarding Plaintiff's extremely limited literacy skills, she would be employable.  This record, in fact, suggests a lack of evidence to support the ALJ's RFC finding.  *Campbell v. Astrue*, 713 F. Supp.2d 129, 136 (N.D.N.Y. 2010) (substantial evidence did not support educational level conclusion even though plaintiff had completed seventh grade); *Dixie v. Comm'r of Soc. Sec.*, 2008 WL 2433705, at *11 (N.D.N.Y. June 12, 2008) (substantial evidence did not support finding that claimant had limited education given significant evidence in record that he was functionally illiterate).  The ALJ also provided no analysis whatsoever of any of this evidence when making his finding that Plaintiff had a limited education.  *See* Tr. at p. 20.

Given the state of the record, the ALJ's summary finding that Plaintiff had limited education fails to provide a meaningful basis for reviewing the determination.

It is highly likely that this conclusion was based solely on Plaintiff's last grade level of school completed but doing so is inconsistent with the regulatory direction to do so only "if there is no other evidence to contradict it." 20 C.F.R. § 404.1564(b). As noted, there is significant evidence that does so. The matter, therefore, must be remanded for further proceedings, including a specific discussion of Plaintiff's educational level.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** pursuant to sentence four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: December 1, 2021
     Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge